United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41233
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CARLOS GARNICA ACOSTA, also known as Carlos Acosta Garnica,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:03-CR-76-ALL
---------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:*

    After his motion to suppress cocaine found in his pickup
truck was denied, Carlos Garnica Acosta (Acosta) entered a
conditional guilty plea of possessing about 25 kilograms of
cocaine with intent to distribute.  Acosta now appeals the denial
of his motion to suppress.  We AFFIRM.

    Acosta contends that the district court erred by denying his
motion to suppress because Texas Department of Public Safety
Trooper Anthony Ray Mata unconstitutionally extended the duration

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Acosta's detention for a traffic stop beyond the time necessary to effectuate the purpose of the stop. Acosta contends that this violated his rights under Terry v. Ohio, 392 U.S. 1 (1968), which applies to traffic stops. See United States v. Valadez, 267 F.3d 395, 397-98 (5th Cir. 2001). Acosta also contends that there was no factual basis for a reasonable suspicion of his criminal activity that justified his extended detention.

Acosta's contentions lack merit because questions of the type asked him by Trooper Mata, concerning his travel plans and criminal history, are permissible in connection with a traffic stop. See United States v. Brigham, 382 F.3d 500, 508 (5th Cir. 500, 508 (5th Cir. 2004) (en banc).

Moreover, the questioning of Acosta occurred during the time necessary for Trooper Mata to effectuate the purpose of the stop, which was to issue Acosta a warning for an expired inspection sticker. Both Trooper Mata's testimony and a videotape clearly show that, after pulling Acosta over, Mata spent the remaining time, up until Acosta voluntarily consented to a search, in preparing the written warning. Because the questioning occurred as Mata was preparing the warning, it did not result in an unconstitutionally extended detention. See Brigham, 392 F.3d at 507.

Acosta's second contention, that his consent was not an independent act of free will sufficient to purge the taint of the

asserted Fourth Amendment violation, necessarily depends on a finding of a constitutional violation in his detention. However, because no Fourth Amendment violation occurred, the court does not need to address this claim. See <u>United States v. Jones</u>, 234 F.3d 234 (5th Cir. 2000).

AFFIRMED.